UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS BRODY PASIAK,
        Plaintiff,

Case No. 17-11401

v.

HON. AVERN COHN

COMMISSIONER OF SOCIAL
SECURITY,
        Defendant.
_____/

# I. INTRODUCTION

This is a social security case. Plaintiff, Nicholas Brody Paskiak, appeals from the final determination of the Commissioner of Social Security ("Commissioner") that he is not disabled and therefore not entitled to children's disability insurance benefits. The matter was referred to a magistrate judge for all pretrial proceedings. Plaintiff and the Commissioner filed cross motions for summary judgment. (Docs. 11, 13). The magistrate judge issued a report and recommendation ("MJRR") recommending that the Commissioner's motion be granted, that Plaintiff's motion be denied, and the case dismissed. (Doc. 16). For the following reasons, Plaintiff's objections to the MJRR are DENIED, the Commissioner's motion for summary judgment is GRANTED, and this case is DISMISSED.

# II. PROCEDURAL HISTORY

Plaintiff filed an application for children's insurance benefits alleging a disability. (Doc. 9). Plaintiff's claims were disapproved by the Commissioner. Id. Plaintiff appealed to an Administrative Law Judge ("ALJ"). Id. The ALJ found that Plaintiff was

not entitled to children's insurance benefits. Id. Plaintiff appealed the ALJ decision to the Appeals Council, however, the Council denied review. Id.

Plaintiff then filed an appeal with this Court seeking reversal of the ALJ decision. (Doc. 1). Plaintiff says that the ALJ did not perform a thorough legal analysis of Plaintiff's disability evaluation. Id. The matter was referred to a magistrate judge for all pretrial proceedings. (Doc.3). The MJRR found that the Commissioner is entitled to summary judgment because the ALJ did not commit legal error, and even if the ALJ decision was erroneous, the error was harmless. (Doc. 16).

Plaintiff filed objections to the MJRR. (Doc. 17). Plaintiff says that the MJRR (1) failed to apply the correct standard of review, (2) failed to apply the correct legal standard when evaluating whether Plaintiff has a disability, and (3) failed to analyze the issue of whether the ALJ was required to use a medical expert. Id.

### III. STANDARD OF REVIEW

Plaintiff says that the MJRR fails to apply the appropriate standard of review and governing law. See (Doc. 17, p. 1-6 (Objections 1 & 2)).

Generally, if the ALJ decision is free from legal error, and supported by substantial evidence, the decision should be affirmed. See Longworth v. Comm'r of Soc. Sec., 402 F.3d 591 (6th Cir. 2005); Walters v. Comm'r of Soc. Sec., 127 F.3d 525 (6th Cir. 1997); Bass v. McMahon, 499 F.3d 506 (6th Cir. 2007). The ALJ decision is to be given deference with respect to findings of fact and credibility determinations. Bass, 499 F.3d at 509.

Here, the governing law involves a five-step, sequential analysis that determines whether an individual is disabled and entitled to children's insurance benefits. See 20

C.F.R. § 404.1520. The ALJ was responsible for determining whether Plaintiff (1) was engaged in significant gainful activity for the relevant period; (2) was severely impaired; (3) had an impairment (alone or in combination) that met or equaled a "Listing;"[1] (4) was able to perform past work; and (5) was unable to perform any other work within the national economy. The ALJ found that Plaintiff could not satisfy step three, which requires a showing that Plaintiff had an impairment that met or equaled a listed disability. (Doc. 9, p. 14–23). The ALJ decision parsed its findings into sections, one of which states:

> 4. Prior to attaining the age of 22, the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of on of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 404.1526)
>
> The medical evidence does not include findings that would satisfy the applicable listings for any of the severe impairments that are documented. No treating or examining physician has recorded findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing Impairments.

(Id. at p. 17). Plaintiff says that this conclusory statement was legal error because it makes no mention of enumerated listings nor specific findings of fact. (Docs. 15, 17). The Commissioner agrees that this particular finding was legally insufficient. (Doc. 13, p.6-7) (citing Reynolds v. Comm'r of Soc. Sec., 424 Fed.Appx. 411, 416 (6th Cir. 2011). However, the Commissioner says that that this error was harmless, and as such is not reversible. Id. (citing M.G. v. Comm'r of Soc. Sec., 861 F.Supp. 846 (E.D.Mich. 2012)).

---

[1] The Social Security Act lists recognized disabilities considered to be severe enough to prevent an individual from participating in any gainful activity.

3

Plaintiff says that if the ALJ commits legal error the standard of review is not whether the ALJ decision was "supported by substantial evidence." (Docs. 15, 17). Instead, the standard of review is heightened because "an error is harmless only when concrete factual and medical evidence is apparent in the record and shows that even if the ALJ had made the required findings, the ALJ *would have* found the claimant not disabled." M.G., 861 F.Supp. at 861 (quoting Juarez v. Astrue, 2010 WL 743739, at *5-6 (E.D. Tenn. Mar. 1, 2010) (internal quotations omitted). Plaintiff is correct, however, Plaintiff misreads the MJRR.

The MJRR does not apply the heightened standard of review because the magistrate judge does not agree that the AJL committed error. The MJRR states that "neither the listings nor the Sixth Circuit require the ALJ to address every listing or to discuss listings that the applicant clearly does not meet." (Doc. 16, p. 15) (quoting Smith-Johnson v. Comm'r of Soc. Sec., 579 Fed.Appx. 426, 432 (6th Cir. 2014)). Instead, the ALJ must discuss a listing when the record raises a "substantial question" as to whether Plaintiff could qualify under a listing. See Smith-Johnson, 579 Fed.Appx. at 432; Abbot v. Sullivan, 905 F.2d 918, 925 (6th Cir. 1990). To raise a "substantial question," there must be specific evidence on the record that demonstrates Plaintiff could reasonably meet or equal every requirement of the listing. Smith-Johnson, 579 Fed.Appx. at 432. Absent this evidence, "an ALJ does not commit reversible error by failing to evaluate a listing in Step Three." (Doc. 16, p. 16) (quoting Smith-Johnson, 579 Fed.Appx. at 433).

Using the "substantial question" standard in reviewing whether the ALJ committed error, the MJRR conducts an in-depth analysis of the record evidence and

4

concludes that there was no error on behalf of the ALJ. Id. at 16-30. The Court agrees. The MJRR correctly discusses why Plaintiff failed to raise a substantial question regarding any disability listing.

Significantly, the ALJ decision discredits the evidence relating to Plaintiff's severe impairments, which supports the ALJ's brief discussion of Step Three. For example, following the ALJ's conclusory statement that "the claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments," the ALJ made specific findings of credibility that related to "cystic fibrosis, pancreatic insufficiency, bronchiectasis, Crohn's disease with fecal incontinence, pain, fevers, fatigue, bacteria in the lungs and anxiety." (Doc. 9-2, p. 17).[2] These credibility findings, coupled with the MJRR, support the conclusion that Plaintiff has failed to raise a substantial question regarding any disability listing.

## V. SSR 96-6p

Plaintiff's final objection to the MJRR says that a medical expert is necessary to resolve this case. However, as discussed in the MJRR, it was within the discretion of the ALJ to decide whether "additional medical evidence" warranted calling upon a medical expert. Moreover, a medical expert is mandatory in certain circumstances that

---

[2] The ALJ decision states "[T]he claimant's statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely credible for the reasons explained in this decision." The ALJ decision subsequently states that:
- Claimant was able to engage in normal activities of daily living, which contrasts sharply with her allegations of disability.
- The fact that maintenance medications have been relatively effective in controlling the claimant's symptoms diminishes the severity of the claimant's allegations.
- The ALJ assigns little weight to Dr. Salazar's opinion.
- The evidence does not support Dr. Ramirez-Jacobs finding that the claimant should avoid all exposure to pulmonary irritants.

5

relate to resolving issues of equivalency. However, Plaintiff failed to raise a substantial question regarding disability listings, and consequently, a medical opinion was not necessary. Thus, for the reasons stated in the MJRR an additional medical expert was not necessary, and that portion of the MJRR is adopted verbatim.

SO ORDERED.

                                                  <u>s/Avern Cohn</u>
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

Dated: 2/4/2019
Detroit, Michigan