UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS BRODY PASIAK,

                Plaintiff,                                Case Number 17-11401
                                                            Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR ATTORNEY'S FEES**

       The plaintiff in this Social Security disability case prevailed in the court of appeals and later after remand before the administrative agency.  Counsel for the plaintiff has filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and section 206(b) of the Social Security Act, 42 U.S.C. § 406(b).  His motion was filed well after the statutory and rule-imposed deadlines, and he has not offered good reasons to relax those time limits under the EAJA.  The request under section 406(b) is for approval of fees under a contingent fee agreement with the plaintiff.  The Court has broader discretion to entertain that tardy motion. However, the contingent fee award, which comes from the plaintiff's share of the recovery of past-due benefits, normally would be offset by fees paid by the government under the EAJA, which the plaintiff must forego because of counsel's neglect.  The Court will approve the fee request under section 406(b) but reduce the award to account for the lost offset.

I.

       The plaintiff filed his complaint on May 5, 2017, seeking review of the Commissioner's decision denying the plaintiff's claims for children's insurance benefits under Title II of the Social

Security Act.  The case was referred to a magistrate judge who filed a report recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed.  This Court's predecessor, the Honorable Avern Cohn, adopted the report and recommendation and entered judgment in favor of the Commissioner.

The plaintiff appealed to the Sixth Circuit and prevailed.  On December 9, 2019, the court of appeals filed an opinion reversing this Court's judgment and remanded the case "to the ALJ [administrative law judge] for further proceedings," finding that "the record raises a 'substantial question' as to whether Pasiak could qualify as disabled under Listing 3.04(C)."  *Pasiak v. Comm'r of Soc. Sec.*, 800 F. App'x 301, 309 (6th Cir. 2019).  The Sixth Circuit issued a mandate on January 31, 2020.  On March 8, 2020, the Appeals Counsel entered an order remanding the case to the ALJ, citing "the Mandate of the U.S. Court of Appeals for the Sixth Circuit," and erroneously indicating that "the U.S. District Court for the Eastern District of Michigan . . . has remanded this case to the Commissioner of Social Security for further administrative proceedings."  Appeals Counsel Order, ECF No. 35, PageID.1433.

After the case was remanded, the plaintiff prevailed at a new hearing before the ALJ, and he was awarded $70,374.00 in past-due benefits.  The Agency withheld $17,593.50 from that amount to account for a possible fee request.  Upon receipt of the favorable decision on December 4, 2020, plaintiff's counsel "noticed that the ALJ attached a Notice that disapproved the fee agreement filed with the [Agency] by Counsel in September 2015."  Fee Mot., ECF No. 35, PageID.1336.  In 2015, the plaintiff and his counsel had signed a contingent fee agreement with terms for a fee of 25 percent of the past-due benefits or $6,000, whichever is less, with the caveat that counsel could ask for a higher fee on review if an appeal to federal court and an additional

hearing were required. Plaintiff's counsel filed a petition (Form 1560) for authorization to charge and collect a fee with the ALJ under 42 U.S.C. 406(a) on December 22, 2020. Apparently, counsel was unaware of the distinction between the fees that could be recovered for work done at the administrative level and fees for work done in court. *Compare* 42 U.S.C. § 406(a) (titled "fees for representation before Commissioner") *with* 42 U.S.C. § 406(b) (titled "Fees for representation before court"). The ALJ's legal assistant informed counsel that he would have to submit an amended petition and separately identify his work before the Agency and federal courts.

Counsel filed the amended petition with the Agency on February 8, 2021, requesting authorization to charge and collect a fee of $15,500 based on work before the Agency at a rate of $250 per hour. The ALJ responded on February 11, 2021, indicating that he forwarded the petition to the regional chief administrative law judge for consideration because the recommended fee was over $10,000; authorization for that request remains pending.

On March 12, 20201, counsel filed a motion in this Court for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $17,593.50 (reflecting 25 percent of the past-due benefits of $70,374), and for an award of fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $12,840.25 (based on 71.65 hours of work at a rate of $125 per hour, with an additional charge of $3,875 for counsel's effort in preparing the instant motion (31 hours)). The government filed a response in opposition, contending that counsel's motion is untimely. The case was then reassigned to the undersigned on April 9, 2021.

II.

The fee requests presented in the motion are limited to the work performed in court. *Culbertson v. Berryhill*, --- U.S. ---, 139 S. Ct. 517, 520 (2019) (noting that "the Social Security Act 'discretely' addresses attorney's fees for the administrative and judicial-review stages: '§

406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court'") (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)).  The motion further contains separate requests for fees from different sources.  The plaintiff asks for fees from the government under the EAJA; plaintiff's counsel asks for approval of a contingent fee under 42 U.S.C. § 406(b), which will come from the plaintiff's share of the past-due benefits awarded.

A.

A request for a fee under the EAJA must be filed "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  Plaintiff's counsel anticipated a timeliness problem with the fee motion and has offered several creative — and unpersuasive — reasons why the delay should not present an obstacle to recovery.

1.

He begins by contending that his request for attorney fees under the EAJA is timely because no formal, separate judgment has ever been entered on the docket; thus, the 30-day clock never started to run.  It is true that neither the court of appeals nor this Court ever entered a separate judgment remanding the case to the Agency.  But the court of appeals did file an opinion on December 9, 2019, which expressly reversed and remanded the case to the ALJ for further proceedings.  *Pasiak*, 800 F. App'x at 309.  It then issued a mandate the following month, on January 31, 2020.  The Sixth Circuit's Internal Operation Procedures state that "[a] mandate is the document by which th[e] court relinquishes jurisdiction and authorizes the originating court or agency to enforce th[e] court's judgment."  6th Cir. I.O.P. 41(a).  The issuance of a mandate in this case indicates that the court of appeals issued a judgment when it entered its opinion on December 9, 2019.

-4-

For the time limit trigger under the EAJA, a "final judgment" means "the date on which a petition for certiorari would be untimely." *Zheng v. Ashcroft*, 383 F.3d 919, 920 (9th Cir. 2004) (denying as untimely EAJA request). The United States Supreme Court's rules state that "a petition for a writ of certiorari to review a judgment in any case . . . entered by a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." S. Ct. R. 13(1). However, the Supreme Court's rules are not strictly limited to formal, separate judgments: "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed. . . ." S. Ct. R. 13(3); *see also Zheng* 383 F.3d at 921 ("the Supreme Court's explicit rule starts the time to file a petition for a writ of certiorari on the date of judgment or order to be reviewed, not on the date mandate issues.").

Here, the court of appeals's judgment became final on March 9, 2020 — 91 days after the entry of its opinion on December 9, 2019. S. Ct. R. 13(1). Per the EAJA's 30-day statute of limitations, the deadline to file for fees was April 8, 2020. 28 U.S.C. § 2412(d)(1)(B). The plaintiff filed his motion for EAJA fees over 11 months later, on March 12, 2021.

The plaintiff suggests that the court of appeals "could have intended to retain jurisdiction" over the case because its "Opinion does not mention sentence four or sentence six." Fee Mot., ECF No. 1357-58, 1364. The Supreme Court recognizes a "sharp distinction" between "a sentence-four remand [under 42 U.S.C. § 405(g)], which terminates the litigation with victory for the plaintiff, and a sentence-six remand, which does not." *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993). Although the court of appeals never expressly specified which sentence it remanded the case under, it is clear that it remanded the case under sentence four. Two indicators make that clear.

First, its issuance of a mandate terminated the litigation with victory for the plaintiff, as the court relinquished jurisdiction and authorized the Agency to enforce the court's judgment.  6 Cir. I.O.P. 41(a).  Second, the court of appeals's remand was narrowly limited to the issue of interpreting the word "requiring" in the context of a particular regulation, which falls outside the scope of sentence-six remands.  *Pasiak*, 800 F. App'x at 308-09.  The Supreme Court explained that sentence-six remands may be ordered in only two situations: "where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."  *Schaeffer*, 509 U.S. at 297 n.2.  Here, the remand order does not fit within either situation: the case proceeded far beyond the pleading stage, and the plaintiff does not argue that the interpretation of a regulatory term involves new, material evidence that he failed to present to the Agency for good cause, nor does the Sixth Circuit's opinion indicate that it intended to retain jurisdiction over the case.  *See Zheng*, 383 F.3d at 921 n.2 (emphasizing that the court's prior decision "did not contain any language indicating that [it] retained 'continuing jurisdiction' for supervisory purposes").

The plaintiff relies heavily on *Shalala v. Schaefer*, 509 U.S. 292 (1993), to support his position that a judgment was never entered.  In that case, the plaintiff and his attorney obtained an award of fees under the EAJA almost 17 months after a district court reversed and remanded the case to the Commissioner under sentence four of section 405(g).  The Supreme Court held that the plaintiff's application for fees under the EAJA was timely because the district court failed to comply with Federal Rule of Civil Procedure 58(a), which required a final judgment be set forth in a separate document.  *Id.* at 302-03.  The Supreme Court stressed that the EAJA's 30-day limit "runs from the *end* of the period for appeal;" therefore, "[a]bsent a formal judgment, the District

-6-

Court's [] order remained 'appealable' at the time [the plaintiff] filed his application for EAJA fees, and thus the application was timely." *Id.* at 303.

    *Schaefer* does not help the plaintiff here. One reason is that Rule 58(a), the main focus of that decision, addresses district court practice, not appellate court judgments, which are governed by Federal Rule of Appellate Procedure 36. Rule 58(a) contains a requirement that a judgment be set out as a "separate document." The Federal Rules of Appellate Procedure do not contain a corresponding requirement. *See* Fed. R. App. P. 36. Moreover, decisional law makes clear that, in the appellate context, a "final judgment" under the EAJA means "the date on which a petition for certiorari would be untimely," which in this case occurred on March 9, 2020. *Zheng*, 383 F.3d at 920. Thus, despite the absence of a separate judgment, the "period for appeal" of the Sixth Circuit's order ended long before the plaintiff filed the instant motion. *Schaefer*, 509 U.S. at 303. The plaintiff argues that "[in] reading the Opinion in conjunction with the Mandate, one could infer that the Appeals Panel meant for the case to be remanded to the District Court." Fee Mot., ECF No. PageID.1354. But that argument is a nonstarter, as the Sixth Circuit's order expressly stated, "we reverse and remand to the ALJ for further proceedings consistent with this opinion." *Pasiak*, 800 F. App'x at 309.

    Another reason *Schaefer* does not help the plaintiff's position is that the case addressed an earlier version of Rule 58(a). Congress amended the Rule in 2003 to state that judgment in a district court is deemed entered after 150 days following a docketed judgment event, despite the absence of a separate judgment. Fed. R. Civ. P. 54(c)(2)(B); Fed. R. App. P. 4(7)(A)(ii); *see also* Fed. R. Civ. P. 58 advisory committee note to 2002 amendment ("in the cases in which court and clerk fail to comply with [the separate judgment] requirement," the 150-day clause applies). Other federal courts have rejected arguments identical to those raised by the plaintiff relying on

*Schaefer*'s application of the former version of Rule 58.  *Baez v. Comm'r of Soc. Sec.*, 760 F. App'x 851, 854 (11th Cir. 2019) (distinguishing *Schaefer* and finding EAJA application untimely because "Rule 58 did not contain the 150-day clause" when the Supreme Court decided the case); *Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1204-05 (S.D. Fla. 2018) (same).

The plaintiff has not cited any authority supporting an open-ended time limit where a court held that a final judgment was not entered on facts similar to those presented here.  Thus, despite the lack of a separate judgment, the Sixth Circuit did issue a judgment in this case, which became final about one year before the plaintiff filed this motion.

2.

The plaintiff's fallback position is that his untimely EAJA fee motion should be saved by equitable tolling.  The plaintiff cites Federal Rule of Civil Procedure 60(b) in support of that argument, but he conflates relief under that rule with the doctrine of equitable tolling.

Under Rule 60(b), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  It is not readily apparent how that rule would apply to a motion filed out of time such as the present one.  Moreover, a motion brought under Rule 60(b)(1) "must be made within a reasonable time," but "no more than a year after entry of the judgment or order."   Fed. R. Civ. P. 60(c)(1).  If the "judgment or order" the plaintiff intends to seek relief from is the court of appeals's decision, he would be late under Rule 60(b) because the court of appeals filed its opinion on December 9, 2019, and the plaintiff did not file his fee motion within a year.  But it is unlikely that the plaintiff would seek relief from that judgment, since it was favorable to him.  Rule 60 is not the proper procedural vehicle for the plaintiff's request.

Nonetheless, as the Commissioner acknowledges, "the EAJA time limitation for fee applications is subject to equitable tolling." *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 583 (6th Cir. 2005). As its name implies, that doctrine invokes an "exercise of a court's equity powers," which "must be made on a case-by-case basis." *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). It "emphasiz[es] the need for flexibility" and "avoiding mechanical rules" to avoid "the evils of archaic rigidity." *Ibid.*

However, there is some structure to applying the doctrine in that a litigant seeking relief under it "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 634. The plaintiff has not satisfied either element.

As to the first, the plaintiff has not demonstrated that he *diligently* pursued his rights to attorney's fees. He candidly ascribes his tardiness to his lack of knowledge of the procedures, admitting that he was "[u]nfamiliar with the fee petition process" and "mistakenly made an assumption that he only needed to file on[e] petition for all the legal advocacy work he performed in furtherance" of his client's claim. Fee Mot., ECF No. 35, PageID.1362. Despite that unfamiliarity going in, he never attempted to research the issue until the ALJ notified him about the bifurcated nature of Social Security fee petitions well after the EAJA deadline had passed. He "assumes responsibility for being wrongly informed about the Social Security Attorney Fee Petition process and the process of obtaining fees under the EAJA," *id.* at PageID.1362-63, but he asks the Court to excuse it as an "honest mistake."

Although counsel's candor is commendable, the Sixth Circuit has rejected substantially similar requests for equitable tolling based on ignorance of the law:

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal

tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law.

*United States v. Baker*, 197 F. 3d 211, 218 (6th Cir. 1999); *Harrison v. I.M.S.*, 56 F. App'x 682, 685 (6th Cir. 2003) (citing *Baker* and rejecting *pro se* litigant's request to equitably toll the deadline to file a habeas corpus petition).

The plaintiff also failed to demonstrate that extraordinary circumstances caused the delay in his request. Again, the primary reason for the delay appears to be counsel's lack of knowledge of the filing deadlines imposed by statute and the Court's local rules, as well as confusion over the fact that the court of appeals never issued a separate, formal judgment. That confusion, however, does not justify an 11-month delay in bringing the motion.

The plaintiff tries to blame the Agency for the delay. He contends that the ALJ improperly found that counsel did not submit his 2015 fee agreement with his client, which forced him to prepare and file a petition with the ALJ. That denial, however, occurred in December 2020, around eight months after the EAJA fee motion deadline. The plaintiff also contends that the Agency's Appeals Counsel caused the problem by entering an order of remand on March 8, 2020, which erroneously referenced a remand order from the district court. He goes so far as to accuse the Agency of usurping jurisdiction from the reviewing federal courts as "[t]here was no basis to assume the intent of either the Court of Appeals or the District Court as it related to retaining jurisdiction or not." Mot., ECF No. 35, PageID.1364.

But there was no need "to assume the intent" of the appellate court; its order made clear that it remanded the case "to the ALJ for further proceedings," *Pasiak*, 800 F. App'x at 309, and its opinion contained no "language indicating that [it] retained 'continuing jurisdiction.'" *Zheng*, 383 F.3d at 921 n.2. And although the Appeals Counsel's order improperly referenced a judgment

by this Court, it accurately based its order "[i]n accordance with the Mandate of the U.S. Court of Appeals for the Sixth Circuit." Appeals Counsel Order ECF No. 35, PageID.1433. The Agency's error was harmless for two additional reasons. First, the plaintiff's right to seek a fee does not depend on which court issued the remand order. Second, the plaintiff could easily have clarified the scrivener's error by contacting the district court's case manager, which he never did.

As further support for his extraordinary circumstances argument, the plaintiff mentions that "Counsel, who is blind, had struggled with finding reliable readers in the environment of Covid-19 . . . and attributes some of the delay to this process and interruptions caused when a reader is unavailable." Mot., ECF No. 35, PageID.1362. This argument certainly could suffice to establish an extraordinary reason for the delay. *See, e.g.*, *Young v. Astrue*, No. 06-11821, 2012 WL 3816519, at *1 (E.D. Mich. June 27, 2012), *adopted by* 2012 WL 3815675 (Sept. 4, 2012) (tolling time to file petition under Section 406 by three weeks in part because counsel underwent surgery during the 14-day period). Here, the court of appeals's judgment became final on March 9, 2020, just four days before the first pandemic-related lockdown order issued on March 13, 2020. Mich. Exec. Order No. 2020-05 (March 13, 2020), https://bit.ly/3eIpcbw. Thus, the plaintiff's EAJA filing deadline of April 8, 2020 fell right when the pandemic was rapidly escalating. However, the plaintiff does not dedicate much weight to this reasoning and attributes only "some of the delay" to difficulties with acquiring readers. Appropriately so: during the pandemic, counsel was able to secure a favorable decision at a new hearing before the ALJ, actively communicated with the ALJ about the fee petition process in December 2020, and submitted fee petitions in early 2021. Thus, it appears that counsel was able to perform reasonably well during the pandemic and he never notified the Court of his pandemic-related difficulties until 11 months after the EAJA deadline had passed.

Finally, the plaintiff raises several arguments about the relativity of the timing, the prejudice caused to the plaintiff, and the lack of prejudice to the defendant. However, those arguments have little to do with equitable tolling. They *are* relevant to the test for excusable neglect set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). (considering the length of the delay and impact on proceedings, the danger of prejudice to the nonmoving party, whether the movant acted in good faith, and whether the delay was within the control of the movant). But the plaintiff does not cite, nor has the Court found, any case where a court in this circuit ever applied that test to a Social Security fee request. The Sixth Circuit made clear that "*Holland's* two-part test" is "the governing framework in this circuit for determining whether a [party] is entitled to equitable tolling." *Hall v. Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011). The plaintiff has not satisfied that test.

### B.

There is no statutory deadline for a fee request under 42 U.S.C. § 406(b). However, this district's local rules require that such requests must be filed "no later than 14 days after entry of a judgment or receipt of the social security certificate award (notice of award) whichever is later." E.D. Mich. LR 54.2(a). The Agency issued the notice of award on January 17, 2021. Under the five-day mail rule, counsel is presumed to have received that notice by January 22, 2021. *See Cook v. Comm'r of Soc. Sec.*, 480 F. 3d 432, 435 (6th Cir. 2007) (citing 20 C.F.R. § 422.210(c)). His deadline for requesting a fee under section 406(b) therefore was February 5, 2021, which he missed by five weeks.

Although a five-week tardy filing is considerably late, it is easier to excuse than an eleven-month default. And the amount requested — $17,593.50 — is reasonable, with one exception discussed below. Section 406(b) imposes a cap on the fees received under that section, which may

comprise no more than 25% of the past-due benefits awarded, which is payable "out of . . . [the claimant's] past-due benefits."  42 U.S.C. § 406(b)(1)(A).  Before approving any fee award under section 406(b), the Court must scrutinize the fee request to ensure that it represents reasonable compensation for the work performed.  *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).  "'Within the 25 percent boundary,' prevailing counsel bears the burden of 'show[ing] that the fee sought is reasonable for the services rendered.'"  *Ibid.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)).  The Sixth Circuit "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap," and it also has recognized a "'floor' for court review of contingency fees: 'a hypothetical hourly rate that is less than twice the standard rate is per se reasonable.'"  *Ibid.* (quoting *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) ("[A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.")).

Counsel submitted detailed billing records showing that 71.65 hours of work performed in the proceedings before this Court and the court of appeals.  The imputed hourly rate is $245.55, which sits comfortably within the standard rates previously applied by other courts in this circuit ranging from $165 to $500.  Plaintiff's counsel is an experienced practitioner with 35 years of experience representing claimants in Social Security benefit litigation.  And he achieved an excellent result for his client by prevailing before the Sixth Circuit, upon which the plaintiff was awarded more than $70,000 in past-due benefits on remand.  The contingent fee agreement executed by the plaintiff called for payment to counsel of up to 25% of any past-due benefits

recovered, and the amount sought here falls within that limit.  The plaintiff has not expressed any objection to the present fee petition by counsel.

However, "Social Security claimants pay section 406(b) fees out of their benefits — benefit payments that would otherwise go into their own pockets — whereas the government must pay EAJA fees independent of the benefits award."  *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016).  And "an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits."  *Gisbrecht* 535 U.S. at 796 (citations and quotations omitted).

Allowing the full contingency fee here would penalize the plaintiff for his attorney's failure to abide by the EAJA filing deadline to the extent of any offset against the section 406(b) fees. The plaintiff's EAJA fee request totaled $12,840.25, but $3,875 of that amount was ascribed to counsel's effort in preparing the present fee motion, which was untimely and likely not compensable under the EAJA.  That would leave a potential offset of $8,965.25, which now should not be deducted from the plaintiff's share of the past-due benefits.  The proper reasonable fee under section 406(b) will account for the lost offset.  Plaintiff's counsel will be entitled to a fee of $8,628.25, which may be drawn from the amounts reserved from the past-due benefits awarded to the plaintiff.

III.

The plaintiff's request for fees under the EAJA is untimely and there is no basis for excusing or enlarging the time limitations.  The request for fees under 42 U.S.C. § 406(b) is reasonable, but it must be reduced by the lost offset that should have benefited the plaintiff under the EAJA.

-14-

Accordingly, it is **ORDERED** that the plaintiff's motion for attorney's fees (ECF No. 35) is **GRANTED IN PART AND DENIED IN PART**.  The request for fees under the Equal Access to Justice Act is **DENIED**.  Fees may be awarded under 42 U.S.C. § 406(b), as set forth below.

It is further **ORDERED** that plaintiff's counsel may recover fees under the contingent fee agreement pursuant to 42 U.S.C. § 406(b) in the amount of **$8,628.25**, which may be distributed from the $17,593.50 withheld by the Social Security Commissioner from the award of past-due benefits to account for a fee request.  The balance will be distributed to the plaintiff.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:  July 21, 2021